NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 18, 2008*

Decided March 20, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | | |
|---|---|---|
| **No**.    07-2577 | | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | | |
| **v.** | | No. 99 CR 544 Wayne R. Andersen, *Judge*. |
| RONNIE BARLOW, *Defendant-Appellant*. | | |

**Order**

This court affirmed Ronnie Barlow's conviction almost four years ago. Since then his sentence has remained in dispute. The Supreme Court remanded for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). We asked the district judge whether *Booker* would affect Barlow's sentence. See *United States v. Paladino*, 401 F.3d 471, 481-85 (7th Cir. 2005). The judge's affirmative answer led to a remand for resentencing. The new sentence, 240 months, is 84 months lower than the original

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

sentence, and well below the bottom of the range calculated under the Sentencing Guidelines. It is presumptively reasonable.

Nonetheless, Barlow maintains on this latest appeal, the sentence remains unreasonably high. He complains, for example, that the judge determined the quantity of cocaine for which he is culpable, though the jury's verdict just set a minimum of five kilograms. There is no problem in judicial decisions on a preponderance of the evidence, as the Court explained in *Rita v. United States*, 127 S. Ct. 2456 (2007), and the remedial portion of *Booker*. Barlow's contention that *Cunningham v. California*, 127 S. Ct. 856 (2007), changes this rule is one that we have considered and rejected before. See *United States v. Roti*, 484 F.3d 934, 937 (7th Cir. 2007); *United States v. Savage*, 505 F.3d 754, 764 (7th Cir. 2007). Barlow's further contention that a sentencing judge must address on the record all non-frivolous arguments made in support of a lower sentence is incompatible with *Rita*.

We note that *Kimbrough v. United States*, 128 S. Ct. 558 (2007), does not affect Barlow's case. His offense level depends on the powder cocaine that he distributed and not the smaller quantity of crack included in his relevant conduct.

Barlow's sentence is reasonable and is affirmed.